UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MATTHEW RAY DEAN                                                                         PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 1:21-CV-365-TBM-RPM

JACKSON COUNTY et al                                                                   DEFENDANTS

## REPORT & RECOMMENDATION

Plaintiff Matthew Ray Dean, proceeding *pro se* and *in forma pauperis*, filed on November 15, 2021, a 42 U.S.C. § 1983 prisoner civil rights complaint alleging unconstitutional conditions of confinement at the Jackson County Adult Detention Center (JCADC). Doc. [1]. At the time he filed his complaint, Plaintiff listed his address of record as JCADC. *See* Doc. [1] at 13. On May 18, 2022, Plaintiff filed a change of address. Doc. [24]. Subsequently, on October 4, 2021, the Court entered an order setting this matter for a screening hearing to be conducted on December 8, 2022. Doc. [28]. The Court later rescheduled the hearing for December 13, 2022. The original order and notice of hearing were mailed to Plaintiff at his current address of record, as was the notice resetting the hearing for December 13th. The original order was later returned undeliverable; however, the notice of resetting has not yet been returned undelivered. Doc. [30]. Plaintiff has been advised repeatedly of his obligation to maintain a current address of record with the Court. *See* Doc. [3] [4] [7] [8] [10] [12] [18]

On December 13, 2022, the Court conducted the screening hearing as scheduled. The undersigned called Plaintiff's case. Counsel for Defendant was present; however, Plaintiff was not present in the courtroom. Plaintiff's name was called three times inside the courtroom and three times outside the courtroom entrance, but with no response. Based on Plaintiff's failure to maintain a current address of record and failure to appear for the noticed hearing, the

undersigned concludes that Plaintiff is no longer interested in pursuing his lawsuit. Accordingly, his complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

The undersigned recommends that Plaintiff Matthew Ray Dean's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed without prejudice based on his failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 14th day of December 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE